**The People of the State of Illinois ex rel. Oscar Nelson et al., Appellees, v. Ottawa Banking and Trust Company of Ottawa, Appellant.**

**In re Conservatorship of Benjamin Wicks, Insane.**

**Gen. No. 9,080.**

Opinion filed November 30, 1936.

GEORGE V. B. WEEKS, of Ottawa, for appellant.

OWEN ANDERSON, of Ottawa, and ARTHUR H. SHAY, of Streator, for appellee Richard Gaard, administrator of the estate of Benjamin Wicks, deceased.

Mr. Presiding Justice Huffman delivered the opinion of the court.

The Ottawa Banking and Trust Company suspended business on September 28, 1931. At that time it was acting as conservator of the estate of Benjamin Wicks, an insane person, by appointment of the probate court of LaSalle county. Following the suspension of business by the bank, the auditor of public accounts appointed Joseph H. Standart receiver. Subsequently, the auditor instituted proceedings in the circuit court of LaSalle county to bring about the liquidation of said bank. About a year after decree in the above proceedings, the receiver, by virtue of sec. 11 (ch. 16a, par. 11, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 10.11; ch. 16½, Smith-Hurd 1935), of the Banking Act, filed a resignation of the bank as such conservator. In the meantime, the insane person had died, and Richard Gaard was appointed and qualified as administrator of his estate, in the probate court of said county. Following these events, the receiver filed a final account and report of the bank as such conservator, in the receivership proceedings pending in the circuit court. An order was entered by that court approving the report as filed. Richard Gaard, as administrator of the estate of the deceased, filed his motion asking that the order be vacated and set aside. This was done, whereupon the administrator filed objections to certain investments of the ward's funds by the bank, while acting as conservator. The court held certain of these investments were proper and that others were wrongful and unlawful.

It appears that the ruling of the court with respect to the objections made to the investments by the conservator bank was acceptable to all parties concerned. The attorneys for the receiver drafted a decree in accordance with the pronouncement of the circuit court, which was submitted for approval to the attorney for

the administrator, and approved by him, prior to presentation to the court for its signature. The decree ordered the receiver to turn over to the administrator the securities represented by the approved investments, in kind, and that in lieu of the unlawful investments, that the receiver should pay to such administrator a cash amount represented by such investments. This decree was entered under date of October 11, 1935. The receiver did not pay the amount of money provided by the decree. Pursuant to petition filed by the administrator, the court entered its order, November 25, 1935, on the receiver to show cause on or before December 7, 1935, why he should not be held in contempt for failure to make such payment. The receiver filed his answer thereto on December 5, 1935, in and by which answer he set up that he had on that day filed a notice of appeal in the office of the clerk of the circuit court. This appeal followed.

It was stated by counsel on behalf of appellant receiver that this appeal was prosecuted for the purpose of settling but one question, which grows out of the following facts and circumstances: The bank being incorporated for the purpose of accepting and executing trusts, by virtue of the statute relative thereto, (ch. 32, par. 345 *et seq.*, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 135.20; sec. 287 *et seq.*, Smith-Hurd 1935) had placed on deposit in the office of the auditor of public accounts, a fund whch under the statute was deposited for the benefit of the creditors of such trusts as had been accepted by said bank and trust company; and that the auditor of public accounts did not wish to pay over the funds so deposited with him, upon any court order or decree, until it was definitely determined whether the court entering such order and decree had jurisdiction to enter the same. It is the position of appellant here, that the circuit court had no jurisdiction to enter the decree upon the final account

and report of the receiver filed on behalf of the bank as conservator. It is urged that such report should have been filed in the probate court; that that court had exclusive jurisdiction of the matter; that the circuit court was wholly without jurisdiction and its order and decree therefore void.

The appellant states that this question of the jurisdiction of the circuit court to hear and determine the final reports and accounts of receivers as in this case has not been determined by any court of review in this State, and that the auditor desires the question presented and settled so that his surrender and payment of the funds held by his office by virtue of the provisions of ch. 32 of the statute, to receivers of various banks and trust companies under liquidation, could not be later questioned by some other court proceeding.

The question therefore to be determined is whether in proceedings instituted by the auditor of public accounts in the circuit courts to liquidate and wind up the affairs of a defunct bank and trust company, a receiver of such bank after filing a resignation of a trust under sec. 11 of the Banking Act, can then file his final account and report of such bank as conservator, in the receivership proceedings pending in the circuit court; or whether the circuit court is without jurisdiction, and the exclusive jurisdiction rests in the county or probate court.

The liquidation of closed banks is a matter of general public interest. We therefore find various statutes providing when a State officer or the department having supervision of banks and banking may take control of a bank's affairs and bring about a suspension of business, a dissolution of the corporation, together with a liquidation and distribution of its assets. It may be stated as a general proposition that the liquidating officer, by contemplation of statute, takes charge of the affairs of the bank for the purpose of

settling the accounts, liquidating the assets, and making distribution thereof among the creditors according to their legal rights.

Circuit courts are courts of original jurisdiction, and are vested with jurisdiction of the liquidation of closed banks within the meaning of sec. 11 of the Banking Act. It has been said: "A court exercising equity jurisdiction, in appointing a receiver of the property of a corporation, holds and administers the estate, through the receiver as its officer, for the benefit of those whom the court shall ultimately adjudge to be entitled to it." *Chicago Title & Trust Co. v. Goldman,* 272 Ill. App. 457, 463. The court which has taken the assets of an insolvent corporation into its custody for distribution, is properly clothed with jurisdiction to determine who are creditors and the amounts justly due them. Furthermore, a receiver who has been appointed by a court of competent jurisdiction, and has taken possession of the property of an insolvent bank, in the capacity as receiver, has the right to hold and dispose of such property under the order and direction of the court through which he receives such power. Any other rule would give rise to utter confusion.

The case of *People v. West Side Trust & Savings Bank,* 362 Ill. 607, presents many similar situations to the case now under consideration. We are of the opinion that the above case determines the right of a circuit court to entertain and dispose of a receiver's final account and report filed on behalf of a defunct bank and trust company, as conservator, under the provisions of sec. 11 of the Banking Act. In the above case, it was held that the mandatory requirement of sec. 11, that the receiver shall resign trusteeships within a reasonable time, gives the court in charge of the liquidation jurisdiction to coerce such resignations and thus compel compliance with the statutory duty there-

in defined. (pp. 616, 617.) It must necessarily follow that if such court possesses the power to compel such resignations, it also possesses the power to grant appropriate relief incidental thereto, which would be a determination of such receiver's report of account filed on behalf of the bank. It is recognized in the above case (p. 617), that the auditor may appoint a receiver of a closed bank without asking for its dissolution, but it is stated that if the auditor files a suit to bring about a liquidation of the bank and for a settlement of its affairs, together with a dissolution of the same as a corporation, then the court in which such suit is filed, is the tribunal within the contemplation of sec. 11, to take charge of the liquidation of the bank. In this respect, it is aptly stated at p. 618: "We find no language in sec. 11, which can be distorted to mean that the orderly dispatch of the business of courts should be upset by requiring the services of other courts for purposes that can be performed by the one."

Proceedings of this nature, at best, involve hundreds, and in many instances, thousands, of separate and distinct transactions and accounts. No public good would be served by causing the receiver, who under the order of the circuit court has been constituted the officer to bring about a liquidation and distribution of the bank's assets, to resort to other courts for a determination of claims against such bank, when the full and final liquidation thereof, the distribution of assets, and dissolution of the corporation, is with the court wherein such proceedings were instituted and are pending.

It is also held in the above case (p. 620), that the resignation as provided by sec. 11 of the act, is a statutory duty inseparably connected with and pertaining to the liquidation and settlement of the affairs of the bank, and that such resignation could be compelled by

the court in which the liquidation proceedings were pending. We are therefore of the opinion in this case that, since the circuit court was the court in which the liquidation and dissolution proceedings were pending, and clothed with the power to compel the resignation of the receiver from trusteeships on behalf of the bank, it necessarily follows such court likewise had the power to effectuate its order by directing the receiver to turn over the property in his possession to those to whom it rightfully belonged or to those who were entitled to its custody, and that he also be held to account for wrongful and unlawful acts of the bank in the investment of funds. In support of this position is the further statement of the court, at p. 620: ''Our conclusion is fortified by the language of sec. 11, which not only requires the receiver to resign, but also declares that when his resignation is forthcoming, a proper accounting shall be made with respect to each trust.'' With reference to this statement regarding the right of the circuit court under sec. 11 to compel the resignation and a proper accounting with respect to each trust, it will be observed that the statute makes no distinction as between any particular kinds of trusts, but designates, ''all trusteeships, guardianships, conservatorships, and all appointments as executor and administrator. . . .''

It is suggested by appellant that that portion of the order and decree of the circuit court which finds that the sum of $2,605 is due to the estate of the deceased because of wrongful and unlawful investments of the conservator, orders the same paid in cash without taking into consideration what other claims may have been already allowed against the fund on deposit with the auditor for the benefit of such creditors. It is therefore suggested by appellant that the court's order in this respect should be modified to read that such sum of money be paid in due course of administration. It is suggested by appellee that this is the only man-

ner in which the receiver would pay out the money. However, we are of the opinion that in order to avoid any uncertainty or further dispute about the matter, that the decree of the trial court in that respect should be modified, and that portion of the decree which orders the payment of $2,605, by the receiver of said bank to Richard Gaard, as administrator of the estate of Benjamin Wicks, deceased, should be, and the same is modified to read: that said sum shall be so paid by said receiver in the due course of administration and liquidation of said bank.

In all other respects the order and decree of the trial court is affirmed. The costs on this appeal will be taxed against appellant.

*Order and decree modified and affirmed as modified; costs against appellant.*